FILED

**NOT FOR PUBLICATION**

FEB 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARULAM FERNANDO SIMANJUNTAK, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-72878 <br><br> Agency No. A095-629-910 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Marulam Fernando Simanjuntak, a native and citizen of Indonesia, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

RA/Research

withholding of removal and protection under the Convention Against Torture

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

evidence, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182, n. 4 (9th Cir. 2003), and we

deny the petition for review.

Substantial evidence supports the agency's conclusion that the harm

Simanjuntak suffered in Indonesia did not rise to the level of past persecution. *See*

*Mansour v. Ashcroft*, 390 F.3d 667, 672-63(9th Cir. 2004); *see also Hoxha v.*

*Ashcroft*, 319 F.3d at 1182 (unfulfilled threats do not amount to past persecution).

In addition, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386

F.3d 922, 927-29 (9th Cir. 2004) applies to Simanjuntak, a Batak Christian, he has

not demonstrated the requisite individualized risk of persecution. *See Hoxha*, 319

F.3d at 1184-85. Further, on the record, Simanjuntak failed to establish a pattern

or practice of persecution of Christians in Indonesia. *See Wakkary v. Holder*, 558

F.3d 1049, 1060-61 (9th Cir. 2009). Substantial evidence also supports the BIA's

conclusion that Simanjuntak failed to establish a well-founded fear of future

persecution based on his imputed political opinion because his fear is speculative.

*See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003).

Because Simanjuntak has not met the standard for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Furthermore, substantial evidence supports the BIA's denial of CAT relief because Simanjuntak failed to establish it is more likely than not he would be tortured if returned to Indonesia. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**